IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| BRIAN K. CHANNEL,<br>1127 E. 77th Terrace<br>Kansas City, Missouri 64131 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. 14-CV-00248 |
| GATES & SONS BARBECUE OF<br>MISSOURI, INC., D/B/A GATES BAR-B-Q,<br>**SERVE REGISTERED AGENT:**<br>    Arzelia F. Gates<br>    4621 Paseo Boulevard<br>    Kansas City, Missouri 64110 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Brian K. Channel, by and through counsel, and for his causes of action against Defendant Gates & Sons Barbecue of Missouri, Inc., d/b/a Gates Bar-B-Q states and alleges as follows:

### Parties

1. Plaintiff is an individual residing at 1127 East 77th Terrace, Kansas City, Missouri 64131, and he was employed for more than twenty-five years by Defendant including at its 4621 Paseo Boulevard, Kansas City, Missouri location until his termination on or about March 18, 2012. Plaintiff is a 54 year old male.

2. Defendant Gates & Sons Barbecue of Missouri, Inc., d/b/a Gates Bar-B-Q ("Gates") is a corporation organized and existing under the laws of the State of Missouri, with a principal place of business located at its offices at 4621 Paseo Boulevard, Kansas City, Missouri.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under federal law, specifically the Age Discrimination in Employment Act ("ADEA), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Fair Labor Standards Act ("FLSA").

4. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with this District so as to be considered resident in Missouri for the purposes of the federal venue statute and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## Factual Allegations

5. Plaintiff was employed by Defendant in multiple positions including Pit Master, Head Cook, Manager and Trainer for more than twenty-five years until his wrongful termination on or about March 18, 2012.

6. Throughout Plaintiff's more than twenty-five years of employment with Gates, he performed all duties of his jobs as required, exceeded the expectations of his positions, and received promotions, raises, awards and commendations for his work.

7. Plaintiff is a 54 year old African American male.

8. At all times herein mentioned, Plaintiff was an "employee" of Defendant within the meaning of the ADEA, Title VII and the FLSA and is entitled to all the benefits and protections of those laws.

9. Prior to Plaintiff's termination, Gates had failed to pay his wages due on multiple occasions including unpaid overtime and Plaintiff complained to Defendant about this illegal failure and reported this conduct to the Department of Labor.

10. Plaintiff was also subjected to illegal age discrimination by Defendant in the terms and conditions of his employment, including in the form of illegal comments and actions including management statements such as "we don't need no old, slow people."

11. Gates failed to provide Plaintiff raises, denied him promotions and/or demoted him while substantially younger, similarly situated employees who did not complain about discrimination or unpaid wages were not subjected to these adverse job actions.

12. Plaintiff complained to Defendant about the illegal age discrimination against him and he also assisted and participated with other Gates' employees in reporting their complaints of discrimination and/or harassment, including sexual harassment.

13. In mid-March 2012, Plaintiff was terminated from his employment with Defendant for false alleged reasons by a substantially younger manager who told Plaintiff: "I don't need you anymore."

14. Gates provided more favorable treatment to substantially younger, less-qualified employees, and engaged in a pattern and practice of age discrimination, failure to pay wages and overtime, and retaliation against employees who complained about illegal discrimination and illegal wage practices.

15. The actions of Gates constitute illegal age discrimination, wrongful refusals to pay wages or overtime, and/or illegal retaliation in violation of the ADEA, Title VII and/or the FLSA.

3

16. Section 7 of the FLSA, codified at 29 U.S.C. § 207, requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one half times the regular rate of pay for work performed in excess of forty hours per workweek.

17. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

18. During his employment with Defendant, Plaintiffs routinely worked in excess of forty (40) hours per workweek without overtime compensation and/or required minimum wages.

19. Defendant's pay practices with regard to Plaintiff violated the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As a result, Plaintiff suffered a loss of wages.

20. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 211

21. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA by Defendants, within the meaning of 29 U.S.C. § 255(a).

22. Effective March 18, 2012, Plaintiff was terminated from his employment with Defendant for false, pre-textual reasons.

23. The true reasons for the adverse employment actions of Defendant against Plaintiff as set forth herein were illegal age discrimination, and/or retaliation for his complaints about illegal discrimination or pay violations, and/or unpaid wage violations of the FLSA.

24. On December 6, 2012, Plaintiff filed a timely charge of discrimination and retaliation against Defendants with the Equal Employment Opportunity Commission ("EEOC") (copy attached as Exhibit A).

25. On or about December 18, 2013, the EEOC mailed a Notice of Right to Sue to Plaintiff (copy attached as Exhibit B).

26. This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC.

27. Plaintiff has met all deadlines and has satisfied all administrative prerequisites to filing suit.

## COUNT I – AGE DISCRIMINATION (ADEA)

28. Plaintiff incorporates by reference the allegations of paragraphs 1 through 27 above.

29. Plaintiff's age was a motivating and/or determining factor in Defendant's intentional decision to discriminate against him in the terms and conditions of his employment including but not limited to, by subjecting him to a hostile and harassing environment based on his age, by denying him raises, denying him promotions, demoting him and by terminating his employment with Defendant for false reasons.

30. Defendant subjected Plaintiff to offensive, illegal age-related actions and comments, including but not limited to, comments suggesting he was too old to learn new work skills or that his relevant skills were useless or less valuable due to his age, including by not limited to statements to Plaintiff such as "we don't need no old, slow people," and by refusing to promote Plaintiff to open positions for which he was qualified and instead demoting him and

hiring substantially younger, less-qualified employees for such positions and by terminating Plaintiffs' employment based on false, pre-textual reasons.

31. The discriminatory comments and actions of Defendant detrimentally affected Plaintiff in the terms and conditions of his employment with Defendant.

32. Plaintiff complained about these discriminatory comments and actions to Defendant's management and demanded that the discrimination cease.

33. Defendant knew, or should have known, of the age discrimination against Plaintiff.

34. Defendant failed to take prompt and appropriate corrective action to end the age discrimination against Plaintiff.

35. Defendant failed to make good faith efforts to enforce its policies to prevent age discrimination against its employees, including Plaintiff.

36. Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADEA, thus justifying an award of liquidated damages.

37. As a direct result of Defendant's illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

38. Plaintiff has already incurred and will incur in the future substantial attorney's fees and expenses in prosecuting this action, which fees and expenses are recoverable from Defendant.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count I and requests an award of his actual damages in an amount in excess of $75,000, including but not limited to his lost wages and benefits, with interest through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, post-judgment interest, and any such other relief as the Court deems just and proper.

### COUNT II – RETALIATION (ADEA)

39. Plaintiff incorporates by reference the allegations of paragraphs 1 through 38 above.

40. Plaintiff had a good faith, reasonable belief that he was being subjected to unlawful employment practices including age discrimination by Defendant, and he reported the same to Defendant.

41. Defendant retaliated against plaintiff because of his opposition to unlawful employment practices by adversely impacting the terms and conditions of his employment, including but not limited to, by denying him raises, creating and maintaining inequities in wages and benefits, denial of overtime or minimum wages, creation and tolerance of an age and/or sex based hostile work environment, by refusing to address Plaintiff's complaints about age and sex-based harassment or discrimination, and by denying him promotions, demoting him and terminating his employment with Defendant for false reasons, while less qualified younger employees or applicants who had not complained about illegal discrimination were not subjected to these adverse actions.

7

42. Plaintiff's opposition to unlawful employment practices was a motivating and/or determining factor in Defendant's decision to subject him to adverse employment actions as set forth herein.

43. Defendant's conduct was willful and/or outrageous as it intentionally and knowingly violated Plaintiff's rights under the ADEA, and is sufficient therefore to warrant an award of liquidated damages.

44. As a direct result of Defendant's illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

45. Plaintiff has already incurred and will incur in the future substantial attorney's fees and expenses in prosecuting this action, which fees and expenses are recoverable from Defendant.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count II and requests an award of his actual damages in an amount in excess of $75,000, including but not limited to his lost wages and benefits, with interest, through the date of trial, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## **COUNT III – RETALIATION (TITLE VII)**

46. Plaintiff incorporates by reference the allegations of paragraphs 1 through 45 above.

47. Plaintiff had a good faith, reasonable belief that the Defendant was engaged in unlawful employment practices including gender/sex discrimination or harassment, and/or a gender or sex based hostile environment, and he reported the same to Defendants.

48. The Defendant retaliated against Plaintiff because of his opposition to unlawful employment practices by adversely impacting the terms and conditions of his employment, including but not limited to, by denying him raises, creating and maintaining inequities in wages and benefits, denial of overtime or minimum wages, creation and tolerance of a gender and/or age based hostile work environment, by refusing to address Plaintiffs' complaints about age and gender-based harassment or discrimination, and by denying him promotions, demoting him and terminating his employment with Defendant for false reasons, while less qualified younger employees or applicants who had not complained about illegal discrimination were not subjected to these adverse actions.

49. Plaintiff's opposition to the Defendant's unlawful employment practices was a motivating and/or determining factor in the Defendant's decisions to adversely impact the terms and conditions of his employment including as set forth above.

50. The Defendant's conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Title VII, and is sufficiently culpable to warrant an award of punitive damages.

51. As a direct result of the Defendant's illegal and retaliatory actions, Plaintiff sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses.

52. Plaintiff has already incurred and will incur in the future substantial attorney's fees and expenses in prosecuting this action, which fees and expenses are recoverable from Defendant.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count III, and requests an award of his actual damages in an amount in excess of $75,000, including but not limited to lost wages and benefits, with interest through the date of trial, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, and any such other relief as the Court deems just and proper.

## **COUNT IV– UNPAID WAGES (FLSA)**

53. Paragraphs 1-52 are incorporated by reference as though fully set forth herein.

54. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 207(a)(1) et seq.

55. The FLSA regulates, among other things, the payment of minimum wages and overtime pay to employees of covered employers.

56. Defendant was, and is, subject to the minimum wage, overtime and record-keeping requirements of the FLSA because it is an employer subject to the requirements of the FLSA.

57. Defendant willfully violated the FLSA by failing to pay minimum wages and/or overtime wages and other legally required compensation to Plaintiff for all hours worked. In the

10

Case 4:14-cv-00248-BCW   Document 1   Filed 03/14/14   Page 10 of 14

course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by Plaintiff.

58. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay and record-keeping obligations set forth under Section 7(a)(1) of the FLSA. None of the FLSA exemptions apply to Plaintiff. Accordingly Plaintiff must be paid overtime pay in accordance with Section 7 of the FLSA.

59. Plaintiff is entitled to damages equal to mandated minimum wages, straight time and overtime premiums within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a). Plaintiff's signed consent form to participate as a party Plaintiff is attached hereto as Exhibit C.

60. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find Defendant did not act willfully in failing to pay Plaintiff, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

61. As a result of the aforesaid willful violations of the FLSA's provisions, compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count IV in an amount equal to the unpaid wages and overtime premiums due to Plaintiff; judgment against Defendant that its violations of the FLSA were willful; judgment against Defendant for liquidated damages in an amount equal to the unpaid wages and overtime premium damages awarded; to the extent liquidated damages are not awarded, an award of pre-judgment interest; an award of post-judgment interest, as provided by law; an award of all costs and expenses incurred in this action, including reasonable attorneys' fees and expert fees; and any and all such other or further legal and equitable relief as this Court deems just and equitable.

## COUNT V– RETALIATION (FLSA)

62. Paragraphs 1-61 are incorporated by reference as though fully set forth herein.

63. Plaintiff made good faith requests to Defendant to be compensated for the minimum wages and overtime hours he had worked, as he was entitled under the FLSA.

64. Plaintiff also reported Defendant's illegal wage and hour violations to the Department of Labor.

65. Plaintiff's requests for unpaid wages and his reports of violations to the DOL and other complaints of unpaid wage violations were protected acts under the FLSA.

66. Thereafter Defendant retaliated against Plaintiff because of his opposition to its unlawful employment practices by adversely impacting the terms and conditions of his employment, including but not limited to, by denying him raises, creating and maintaining inequities in wages and benefits, denial of overtime or minimum wages, creation and tolerance of a hostile work environment, by refusing to address Plaintiffs' complaints about unpaid wages, and by denying him promotions, demoting him and terminating his employment with Defendant for false reasons.

67. A causal connection exists between Plaintiff's protected requests for unpaid wages and his complaints regarding the same and the subsequent adverse employment actions by Defendant as set forth herein.

68. Plaintiff's request for unpaid wages and complaints of legal violations was a motivating factor in Defendant's decisions to adversely treat him with respect to the terms and conditions of his employment as set forth herein, including but not limited to his wrongful termination from employment.

69. Defendant knew or should have known and/or showed reckless disregard of whether its treatment of Plaintiff was prohibited by the anti-retaliation provisions of the FLSA.

70. Defendant willfully and maliciously violated the FLSA as set forth herein, including but not limited to by terminating Plaintiff's employment in retaliation for his good faith request to be paid wages due, when it knew or should have known his request was protected by law, and that retaliation was prohibited.

71. Plaintiff has suffered damages as a result of Defendant's retaliatory conduct, including but not limited to loss of back pay and benefits, compensatory damages for emotional distress, lost future wages and benefits, and attorney's fees and costs.

WHEREFORE, Plaintiff requests judgment be entered against Defendant on Count V and requests his lost back pay and benefits and overtime at the applicable rates, liquidated damages in an equal amount, compensatory damages for emotional distress, reinstatement and/or front pay in an amount to be determined, all costs, expenses and attorney's fees incurred, pre-judgment and post-judgment interest calculated at the maximum rate allowed by law, punitive damages, and for such other relief as the Court deems fair and equitable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Missouri as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**SIRO SMITH DICKSON PC**


By  /s/ Eric W. Smith
    Eric W. Smith             MO #47108
    Rik N. Siro               MO #33908
    Athena M. Dickson     MO #55104
    Raymond A. Dake      MO #62829
    1621 Baltimore Avenue
    Kansas City, Missouri  64108
    816.471.4881 (Tel)
    816.471.4883 (Fax)
    esmith@sirosmithdickson.com (email)
    rsiro@sirosmithdickson.com (email)
    adickson@sirosmithdickson.com (email)
    rdake@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**